SOLOMON H. HOWE & others *vs.* PAUL LITCHFIELD & another.

A promissory note for the balance due to a creditor of the maker, over and above the amount paid to him under an agreement for composition, given after the maker has been discharged thereby, but in fulfilment of an oral promise by which the creditor was induced to sign the same, is invalid in the hands of the payee.

CONTRACT upon a promissory note signed by the defendants, payable to their own order and indorsed to the plaintiffs.

At the trial in the superior court, it appeared that the defendants, being insolvent, applied to the plaintiffs, who were creditors, to sign an agreement with other creditors to accept thirty-five per cent. of their claim, in full discharge thereof, and the plaintiffs refused to sign the same until the defendants promised to give them a note for the remaining sixty-five per cent., upon which promise being made the plaintiffs signed the agreement; and in about three weeks afterwards, in pursuance of the understanding, the defendants paid to the plaintiffs the thirty-five per cent., and executed the note in suit for the residue of the debt. Upon these facts, *Ames*, J. ruled that the action could not be maintained, and a verdict was returned for the defendants. The plaintiffs alleged exceptions.

*G. M. Brooks*, for the plaintiffs.

*W. P. Webster*, for the defendants.

METCALF, J.   It is attempted to maintain this action on the ground that the note in suit was given after the defendants had been discharged by an agreement for composition, upon their paying thirty-five per cent. only of their former debt to the plaintiffs; that the remaining sixty-five per cent. was due *in foro conscientiæ;* and that this note for that unpaid balance is on a sufficient consideration and legally binding on the defendants.   The plaintiffs' counsel admits that the note would be void, if it had been given to induce them to execute the agreement for composition; *Case* v. *Gerrish,* 15 Pick. 49; *Ramsdell* v. *Edgarton,* 8 Met. 227; but he contends that this note was not given for that purpose, inasmuch as it was not given concurrently with the execution of the discharge, but several weeks afterwards.   Yet the bill of exceptions shows that the plaintiffs refused to sign the agreement for composition, unless the defendants would give a note for the balance due after paying the thirty-five per cent. on their claim; that they were then promised that such a note should be given; and that they then signed that agreement.   It would therefore be a mere evasion of the law on this subject to hold that the note is valid.

In *Took* v. *Tuck,* 4 Bing. 224, and 12 Moore, 435, it was decided by the English court of common pleas, that a bond was valid which was given by a debtor, two years after he had been released by a deed of composition, to pay to one of the creditors, who had released him, the residue of the debt.   Chief Justice Best said the bond was not a fraud on the other creditors, " as it was not given, or agreed to be given, at the time of the composition;" and judgment was rendered for the plaintiff. This judgment was affirmed by the court of king's bench; 4 Man. & Ryl. 393, and 9 B. & C. 437; on the ground that the bond was no part of the agreement for composition.   Bayley, J. said, that if the creditor, " at the time she agreed for the composition, had bargained for the additional security also, that would have been a fraud on the other creditors."   9 B. & C. 445.   See also *Knight* v. *Hunt,* 3 Moore & P. 23, and 5 Bing. 434.

*Exceptions overruled.*